# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DWAYNE ROBISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19CV1180 NAB |
| ) | |
| LISA IVY, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Dwayne Robison for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion, and assess an initial partial filing fee of $2.33. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, this case will be dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an application to proceed in district court without prepaying fees or costs, and a certified prison account statement. ECF Nos. 2 & 7. According to this financial information, plaintiff receives average monthly deposits of $11.67. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $2.33, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be

considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

### The Complaint[1]

Plaintiff is currently an inmate at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), but the actions complained of in his complaint occurred while he was incarcerated at Farmington Correctional Center ("FCC"). Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against medical personnel at FCC for not properly treating his allegedly underweight and rapid-weight-loss medical issues.

In December 2018, plaintiff submitted multiple health service requests seeking medical attention for low body weight. "Nurse Frank" was unable to find anything wrong with plaintiff, so plaintiff was referred to see a doctor. Dr. Robert Wudel and nurse Dana Jost were also unable to find anything wrong with plaintiff. As a result, some unnamed medical tests were performed. It is unclear what the results of these tests were, but the FCC grievance responses filed by plaintiff concerning this matter indicate that plaintiff's Body Mass Index (BMI) was found to be within the normal range as of both February 25, 2019, and April 1, 2019. ECF No. 1-1 at 1, 3.

According to plaintiff, his body weight is not normal. He has never weighed this little in his life and it must be an indicator of organ damage or some serious problem. Plaintiff also states that his bones are showing through his skin. Plaintiff claims his weight on April 25, 2019, was 148 pounds and that this amount is not normal. ECF No. 1 at 4. However, the FCC medical

---

[1] Plaintiff included a letter to the Clerk of Court with the filing of his inmate account statement that references a recent diagnosis of "C.O.P.D." *See* ECF No. 7 at 1. However, plaintiff never mentions COPD in his complaint, nor does he seek leave to amend his complaint. Therefore, this medical issue will not be considered in this matter.

staff have repeatedly informed plaintiff that his weight is within the normal range and there is nothing that they can do for him. Plaintiff also complains of stomach pain but admits that he is taking "a bunch" of medication for this problem. ECF No. 1 at 3-5.

It is unclear who plaintiff intends to name as defendants in his complaint. In the caption of the complaint, plaintiff lists three defendants: (1) Lisa Ivy (Health Service Administrator); (2) Robert Wudel (Medical Director); and (3) Dana Jost (Nurse Practitioner). Plaintiff does not state in what capacity he brings claims against these defendants. ECF No. 1 at 1. However, in the "Defendants" section of the complaint, plaintiff lists as defendants: (1) "T. Bredeman / Robert Wudel" (Director of Regional Medical Association) and (2) "J. Cofield / Broad of Nursing" (Operations Director). Defendant names these defendants in their official capacities only. *Id.* at 2-3. The Court will liberally construe the complaint to be naming all five defendants.

For relief, plaintiff seeks money damages of $780 and "necessary" medical treatment. ECF No. 1 at 5.

**Discussion**

Although never specifically stated by plaintiff, the Court interprets plaintiff's claims as Eighth Amendment claims for deliberately indifferent medical care. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) ("If the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (quotations and citation omitted). The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012). However, plaintiff's complaint fails to state a valid Eighth Amendment claim against any of the five defendants, and as such, this case will be dismissed without prejudice.

As for defendants T. Bredeman, J. Cofield, and Lisa Ivy, plaintiff fails to state a claim against these defendants because he never states any allegations against them in his complaint. Plaintiff fails to allege facts that show how any of these defendants is causally linked to, and directly responsible for, violating his rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff merely lists these individuals as defendants without alleging, with any specificity, that they did anything to violate his rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief may be granted as to defendants T. Bredeman, J. Cofield, and Lisa Ivy. *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them).

As for the remaining two defendants, Robert Wudel and Dana Jost, plaintiff did not specify in his complaint whether he is suing these defendants in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Naming a government official in his or her official capacity is the equivalent of naming the government

entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

To state a claim against a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). According to the allegations of the complaint here, defendants Wudel and Jost are medical personnel at FCC. The State of Missouri has contracted with Corizon Health Services to provide all medical care in its Department of Corrections facilities, including FCC. As such, Wudel and Jost are Corizon employees, and plaintiff's official capacity claims against Wudel and Jost are actually claims against Corizon.

In order to prevail on an official capacity claim against Corizon, plaintiff must establish the liability of Corizon itself for the alleged conduct. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018); *Kelly*, 813 F.3d at 1075. In order to demonstrate such liability, plaintiff must show that the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

The instant complaint contains no allegations that any of the defendants' alleged violations of plaintiff's constitutional rights were the result of an official Corizon policy, an

unofficial Corizon custom, or a failure by Corizon to train or supervise its employees. Such allegations are necessary to state an official capacity claim. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Therefore, plaintiff's official capacity claims against all defendants must be dismissed for failure to state a claim.

Even if plaintiff had intended to name medical defendants Wudel and Jost in their individual capacities, his Eighth Amendment claims would still fail. For an Eighth Amendment cruel and unusual punishment claim to survive initial review, plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of, but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted).

Plaintiff's allegations against Wudel and Jost do not rise to the level of an Eighth Amendment violation. Plaintiff alleges that his low body weight is a serious medical need. Grievance responses, included as exhibits to the complaint, refer to medical records indicating that plaintiff's body weight is in the normal range and that he does not suffer from this medical condition. Regardless, accepting plaintiff's allegations as true and construing plaintiff as having a low body weight issue, there is no evidence that medical defendants have deliberately

disregarded plaintiff's medical needs. Plaintiff admits that he has seen multiple medical personnel regarding his body weight, including nurses and doctors; that medical tests have been performed; and that the issue has been monitored over time with multiple weight checks. Plaintiff's disagreement with the medical treatment he has received does not state an Eighth Amendment claim. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (a "mere disagreement with treatment decisions does not rise to the level of a constitutional violation") (quotation and citation omitted). The allegations of plaintiff's complaint do not rise to the level of deliberate indifference.

For all of these reasons, plaintiff's complaint will be dismissed without prejudice for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). As such, plaintiff's motion for appointment of counsel will be denied as moot. Plaintiff also filed a letter with the Court on July 2, 2019, which includes a section titled "Motion to Ask for Court Order," and requests a copy of what the Court has ruled in plaintiff's favor. ECF No. 9. Plaintiff sent a second letter titled "Motion to Ask the Court" on July 19, 2019, inquiring into the progress of this matter and four other cases he filed with this Court. ECF No. 10. Finally, plaintiff filed a "Motion for Payment," on August 2, 2019, asking the Court to send him a payment of $450.00.[2] ECF No. 11. To the extent that these letters can be construed as motions, they will all be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.33 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his

---

[2] Plaintiff states that he received a document referencing a "Pacer Account" and that this case was closed on May 21, 2019. *See* ECF No. 11 at 1. In fact, on May 21, 2019, the Court issued notices in all pending cases about the need for users to upgrade their accounts in order to continue use of the electronic filing system due to system changes. This case was not closed on May 21, 2019, and no Court ruling was issued.

remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket sheet in this matter to list five (5) defendants: (1) Lisa Ivey (Health Service Administrator); (2) Robert Wudel (Medical Director); (3) Dana Jost (Nurse Practitioner); (4) T. Bredeman (Regional Medical Director); and (5) J. Cofield (Director of Operations).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to any of the defendants because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants Lisa Ivey, Robert Wudel, Dana Jost, T. Bredeman, and J. Cofield are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that, to the extent plaintiff's July 2, 2019, letter to the Court [ECF No. 9] can be construed as a motion for relief, it is **DENIED.**

**IT IS FURTHER ORDERED** that, to the extent plaintiff's July 19, 2019, letter to the Court [ECF No. 10] can be construed as a motion for relief, it is **DENIED.**

**IT IS FINALLY ORDERED** that, to the extent plaintiff's August 2, 2019, letter to the Court [ECF No. 11] can be construed as a motion for relief, it is **DENIED.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in

good faith.

An Order of Dismissal will accompany this Memorandum and Order.

    Dated this 6th day of August, 2019.

                                                                */s/ Henry Edward Autrey*
                                                         HENRY EDWARD AUTREY
                                           UNITED STATES DISTRICT JUDGE